NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARIF EFENDI, | No. 08-70537 |
| Petitioner, | Agency No. A095-629-895 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Arif Efendi, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

In his opening brief, Efendi fails to challenge the agency's dispositive determination that his asylum claim was time-barred.

Substantial evidence supports the BIA's finding that, on this record, Efendi failed to demonstrate the Indonesian government was unable or unwilling to control the Muslim extremists who abused and threatened him. *See Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010). Substantial evidence also supports the BIA's conclusion that Efendi did not demonstrate a clear probability of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, Efendi's withholding of removal claim fails.

We lack jurisdiction over Efendi's CAT claim because he did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**